AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Alabama

| United States of America | ) |
|---|---|
| v. | ) |
| Marco Julio Agustin-Miranda | ) Case No. 25-187 |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __March 2nd__ in the county of __Madison__ in the __Northern__ District of __Alabama__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Illegal Reentry of a Previously Deported Alien |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

WILLIAM P STONE
Digitally signed by WILLIAM P STONE
Date: 2025.03.13 13:30:55 -05'00'

*Complainant's signature*

William P. Stone, Deportation Officer, ICE
*Printed name and title*

Telephonically sworn to before me and electronically signed on

Date: 03/13/2025

*Judge's signature*

City and state:   Birmingham, Alabama      Nicholas A. Danella, Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, William P Stone, being duly first sworn, depose and say:

1. I am a Deportation Officer with United States Immigration and Customs Enforcement ("ICE") within the United States Department of Homeland Security ("DHS"). I have served as a Deportation Officer with ICE since July 4, 2021. Before that time, I was employed as a United States Border Patrol Agent (USBP) with U. S. Customs and Border Protection (CBP), Department of Homeland Security, for twelve years. As part of my duties as a Deportation Officer, I am charged with conducting investigations related to violations of the Immigration and Nationality Act, specifically foreign-born nationals that have been deported from the United States and subsequently re-entered the United States illegally. I am currently assigned to the ICE Enforcement and Removal Operations – Gadsden, Alabama, sub office in the New Orleans, Louisiana, area of responsibility, and part of my duties include investigating violations of Title 8 of the United States Code ("U.S.C."), including illegal reentry and related offenses.

2. This affidavit is made in support of a criminal complaint against Marco Julio AGUSTIN-Miranda and sets forth the probable cause that Marco Julio AGUSTIN-Miranda, a native and citizen of Guatemala, illegally re-entered the United States after deportation, in violation of Title 8, United States Code, Section 1326(a).

3. This affidavit is based upon my personal knowledge, experience, and investigation, as well as information relayed to me by other federal and state law enforcement officers in the course of their official duties. Because this affidavit is submitted for the limited purpose of supporting a criminal complaint and arrest warrant, I have not included all information known by me or other investigators. I have set forth only those facts I believe are essential to establish the necessary foundation for the complaint and warrant.

4. On or about March 2, 2025, Marco Julio AGUSTIN-Miranda was arrested by the Huntsville Police Department for Obstructing Justice near Huntsville, AL., within the Northern District of Alabama. The defendant, thereafter, entered ICE custody on March 7, 2025. A fingerprint-based search of immigration and law enforcement databases revealed that Marco Julio AGUSTIN-Miranda is a native and citizen of Guatemala. These records further show that Marco Julio AGUSTIN-Miranda was originally ordered removed from the United States on December 8, 2023, pursuant to an order from an Immigration Judge. The defendant's I-205 showed that he was initially removed on January 11, 2024, through Alexandria, LA., port of entry.

5. On or about February 12, 2024, Marco Julio AGUSTIN-Miranda was arrested by United States Border Patrol Agents near Progreso, TX. The defendant was processed with a Reinstatement of Prior Order of Removal.

Here, the defendant's most recent I-205 showed that he was removed on February 27, 2024, through Harlingen, TX., port of entry.

6. Further, immigration records related to Marco Julio AGUSTIN-Miranda were reviewed by DHS personnel, and those records did not contain any documentation showing that he has applied for or received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, for admission to the United States following his removal on or about February 27, 2024. There is also no evidence that an application was made or approved. Had the defendant made such an application, that fact would be reflected in his immigration records. Lastly, I have no reason to believe that Marco Julio AGUSTIN-Miranda was involuntarily found here in the Northern District of Alabama when he was arrested on or about March 2, 2025.

7. Based on the above facts, your affiant believes that there is probable cause to establish that Marco Julio AGUSTIN-Miranda has violated 8 U.S.C. § 1326(a).

WILLIAM P STONE
Digitally signed by WILLIAM P STONE
Date: 2025.03.13 13:31:46 -05'00'

_____
William P. Stone
U.S. Department of Homeland Security

Sworn to telephonically and subscribed electronically this the 13th day of March, 2025.

3

_____
The Honorable Nicholas A. Danella
United States Magistrate Judge
Northern District of Alabama

4